American Insurance Company, Appellant, *v.* Frederick W. Kuhlman, Respondent.

### February 11, 1879.

1. False representations of an agent as an inducement to a contract cannot be relied on as a defence thereto, unless the representations were within the scope of the agent's authority, and were made with the sanction of the principal.

2. A party claiming injury by fraudulent representations must make his objection known within a reasonable time after his discovery of the falsehood. Acquiescence cures.

APPEAL from St. Louis County Circuit Court.

*Reversed and remanded.*

FRANK B. HOFF, for appellant.

McDEARMON & GAUSS, for appellant: The oral agreement not having been embraced in the note, any evidence tending to prove it was inadmissible, for the effect of this evidence would be to vary the terms of a written contract.—*Murdock* v. *Gunahl*, 47 Mo. 137; *Koehring* v. *Muemminghoff*, 61 Mo. 423; *Chambers* v. *Board of Education*, 60 Mo. 370; *Hunt* v. *Johnson*, 24 Mo. 509; *Jones* v. *Jeffries*, 17 Mo. 577; *Woodward* v. *McGaugh*, 8 Mo. 161; *Singleton* v. *Fore*, 7 Mo. 515; *Lane* v. *Price*, 5 Mo. 101; *Ashley* v. *Bird*, 1 Mo. 640; *Barton* v. *Williams*, 1 Mo. 53; *Runner* v. *Bank*, 9 Wheat. 587; *Trustees, etc.*, v. *Selden*, 5 Pick. 506; *Spring* v. *Lovet*, 11 Pick. 417; *Farnham* v. *Ingham*, 5 Vt. 514; *Thomson* v. *Ketchum*, 8 Johns. 146; *Field* v. *Nickerson*, 13 Mass. 138; *Sice* v. *Cunningham*, 1 Cow. 397; *Hunt* v. *Adams*, 7 Mass. 518; *Stackpole* v. *Arnold*, 11 Mass. 27; *Fitzhugh* v. *Runyon*, 8 Johns. 292; *Wells* v. *Baldwin*, 18 Johns. 45. Evidence of an oral agreement to extend the time of payment of a promissory note is not admissible.—*Farmers and Manufacturers' Bank* v. *Whinfield*, 24 Wend. 409. Parol evidence is not admissible to show an agreement that a note payable at any particular place was agreed to be payable at a certain place.—*Pierce* v. *Whitney*, 29 Me. 188; *Moore* v. *Davidson*, 18 Ala. 209; *Alston* v. *Wingfield*, 53 Ga. 18; Story on Prom. Notes, sect. 49, notes 1, 2.

M. F. MAYLOR, for respondent: A foreign insurance company doing business in this State through an authorized agent is bound by all statements and acts made or done within the scope of the agent's authority. — *Mechanics' Bank* v. *Schaumburg*, 38 Mo. 228; *Barcus* v. *Plank-road Co.*, 26 Mo. 102; *Christian University* v. *Jordan*, 29 Mo. 68; *North Missouri R. Co.* v. *Winkler*, 33 Mo. 354; *Livermore* v. *Blood*, 40 Mo. 48; *Clark* v. *Insurance Co.*, 8

How. 235. The statement made by the agent of appellant to respondent was within the scope of the general authority of an insurance solicitor.—*Mareyk* v. *Insurance Co.*, 103 Mass. 78 ; *Brown* v. *Donnell*, 49 Me. 421 ; *Pontifex* v. *Bignaer*, 3 Scott N. R. 390 ; *Foster* v. *Bank*, 17 Mass. 479 ; *Fuller* v. *Wilson*, 3 Q. B. 58 ; *Fogg* v. *Griffin*, 2 Allen, 1 ; Story on Ag., sect. 308 ; *Fogg* v. *Pew*, 10 Gray, 409. Any false inducement held out by one party to a contract, and relying upon the truth of which the other party, to his injury, enters into the contract, will vitiate it.—*Mayor* v. *Insurance Co.*, 41 Barb. 321 ; *Palen* v. *Insurance Co.*, 20 Ohio, 529 ; *Ætna Insurance Co.* v. *Maguire*, 51 Ill. 342.

LEWIS, P. J., delivered the opinion of the court.

Plaintiff sued before a justice of the peace on a promissory note, whereby the defendant, for value received in policy No. 189,031, dated November 5, 1874, promised to pay to plaintiff, on the first day of November in each of the four years next following, the sum of $11.04, making in all $44.16, without interest. The suit was begun January 22, 1878, three of the payments being then in default. Judgment was given for the defendant, and, on plaintiff's appeal to the Circuit Court, a jury rendered their verdict to the same effect.

The defence, which proved successful on both occasions, was, in substance, that, when the policy was taken and executed, the agent of the plaintiff represented to the defendant that he had an office in the city of St. Louis where the defendant could pay his premiums and in case of loss get his money ; that defendant would not have signed the note if the agent had not made this representation ; and that said representation was fraudulent and untrue. The defendant claimed that if these facts were established he was entitled to a cancellation of the contract. The court sustained this claim ; and the jury, applying it to the evidence, found accordingly.

A party who, having contracted with an agent, relies for a defence upon false inducements held out by the agent, must be able to show that the agent, in so doing, was acting within the scope of his authority, and that the inducements were offered with the express or implied sanction of the principal. *Ogilvie* v. *Insurance Co.*, 22 How. 380. Mere suggestions of personal convenience to the defendant in fulfilling his part of the contract have nothing to do with the nature of the insurance undertaking entered into by the plaintiff, and cannot, without direct proof to that effect, be supposed to come within the powers conferred upon the agent for procuring risks. If policies of insurance may be cancelled on account of loose conversations with the agent concerning his own personal methods or place of doing business, there will soon be an end of insurance corporations, or at least of their doing business through local agencies. Another rule concerning fraudulent representations requires that the party claiming to have been injured by them shall make his objections known within a reasonable time after his discovery of the alleged falsehood, and that he shall not leave the other contracting party to suppose the contract in full force while the objector continues to enjoy its benefits. Here the defendant held his insurance policy for three full years, without any protest or attempt at cancellation on the ground of the alleged false representations. If a loss had occurred during that time, he could, for aught that appears in the record, have claimed and recovered indemnity from the plaintiff to the extent of the policy. The defence as presented was unfair and inequitable in every respect, and ought not to have been allowed by the Circuit Court. All the judges concurring, the judgment is reversed and the cause remanded.